McKinney, J.,
delivered the opinion of the Court:
The facts of this case, as presented in the pleadings and proof, are as follows:
In the year 1841, a number of persons residing in the neighborhood of Strawberry Plains, voluntarily agreed to establish a school or academy, for the com *272 mon benefit of that local community. The complainants, Thompson, Maulden and Adams, together with the defendants, Meek and McBee, were constituted trustees of the institution, by appointment of the persons interested in the establishment of the school. To this end, a lot of ground was conveyed to said trustees by Thomas Stringfield; and a school house was erected thereon by contributions from the patrons of the enterprize. Sometime after the school had been in operation, a suit of forcible detainer was commenced before a justice of the -peace, in the joint names of the five trustees, above mentioned, against one Stansberry, to recover the possession of said school house, he having, as was alleged, taken possession of the same unlawfully. The plaintiffs recovered before the justice, and the case was removed, by the defendant, into the Circuit Court of Jefferson, by certiorari. At the return term of the certiorari, the defendant Stansberry, as the record shows, produced an order in writing from the complainants, Thompson, Maulden and Adams, directing said suit to be dismissed. This was opposed by Meek and McBee, the present defendants, and the Court refused to dismiss the suit. The defendant, Stansberry, then obtained a rule upon the plaintiffs to give security for the prosecution of the suit, and the record shews that “ thereupon came into open Court, James Mills, with A. K. Meek and G. C. McBee, two of said plaintiffs in this cause, and undertook and agreed with the said plaintiffs, that the said A. K. Meek would pay and satisfy all costs and damages which may be adjudged against said plaintiffs in this case, or that he would do it for them.” *273 The suit progressed, and on the trial verdict and judgment were rendered for the defendant, and against the plaintiffs, jointly, for the costs, amounting to $321. Upon this judgment execution issued against the plaintiffs jointly, to enforce the payment of the costs. It seems that the defendant, Meek, voluntarily paid $165,00 of said bill of costs, and by his direction, the Sheriff proceeded to levy on a slave, the property of complainant, Thompson, to obtain satisfaction of the balance of the costs.
Upon this state of facts, the complainants, Thompson, Maulden and Adams, brought this bill to be relieved from the payment of any portion of the costs of said suit at law. They allege, that the suit would have been dismissed upon their order, but for the opposition of Meek; and that, although the Court refused to dismiss the suit, yet that it was required, as a condition precedent to the further prosecution of the suit in the joint names of the complainants and defendants, that Meek should, individually, become responsible for the costs of the suit. '
We need not stop to inquire, whether or not this allegation is sustained by the entry from the minutes of the Court, cited above; for if this were so, it is clear that a Court of Equity cannot interfere to grant relief. Nor does the question arise in this case, whether or not the complainants, as a majority of the body of trustees, and plaintiffs in the suit, had a right to control the suit, and to dissmiss it at pleasure. If (contrary to our present impression) it were admitted to be correct, as a legal proposition, that the complainants, as a majority of the trustees, and parties *274 plaintiff, had an unqualified right to dismiss the suit, regardless of the wishes and interests of those for whose benefit the trust was created and accepted,'— still, the' refusal of the Circuit Court to permit the exercise of such right, was an error of law which could only be corrected in a revising Court.
Neither can we entertain the question, whether the Court erred in rendering a joint judgment against all the plaintiffs in the suit for costs. Admitting it to be correct, for the present, that the Court might, and qught to have rendered judgment against the defendant, Meek, alone, upon his supposed individual undertaking, this also was an error of which the complainants could only avail themselves in a court of errors. A Court of Chancery cannot assume to itself the jurisdiction of revising and correcting errors in the proceedings and judgments of the Courts of law.
There is no equity in the bill, and the decree dismissing it will be’ affirmed.